IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIO SHAW, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| TAMARSHA SMITH, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-03137-SDG-LTW |

**FINAL REPORT AND RECOMMENDATION**

Petitioner Antonio Shaw, confined at Macon State Prison in Oglethorpe, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Fulton County. (Doc. 1.) Petitioner has paid the filing fee. (*See* Doc. 6.) Respondent has filed an answer and response. (Doc. 8.)

For the reasons stated below, it is **RECOMMENDED** that the instant petition (Doc. 1) be **DENIED** and this action be **DISMISSED**.

**I.  BACKGROUND**

In 2012, following a jury trial, Petitioner was convicted of malice murder, felony murder, criminal attempt to commit murder, three counts of aggravated assault with a deadly weapon, and three counts of possession of a firearm during the commission of a felony, and he was sentenced to a total active term of life

imprisonment. (Doc. 1 at 1); *Shaw v. State*, 799 S.E.2d 186, 187 n.1 (Ga. 2017).

On direct appeal, Petitioner argued the following claims:

(1) The trial court violated Petitioner's right to cross-examination by refusing to allow his counsel to question witnesses concerning their knowledge of another witness's gang membership; and

(2) The trial court erred by failing to charge the jury on the lesser-included offense of voluntary manslaughter, as there was slight evidence of provocation.

The Supreme Court of Georgia affirmed Petitioner's convictions. *Shaw*, 799 S.E.2d 186.

In 2017, Petitioner filed a petition for writ of habeas corpus, subsequently amended, in the Superior Court of Macon County. (Docs. 9-2 to 9-4.) In his petition, he raised the following claims, as interpreted by the state habeas court:

(1) Petitioner's conviction and sentence are illegal, and his indictment is void due to the omission of the county on its face;

(2) Jurisdiction was not established by the indictment, rendering all subsequent proceedings including the trial and verdict null;

(3) Petitioner's conviction and sentence are illegal, and his indictment is void for not being returned in open court as required by the Fifth and Fourteenth Amendments;

(4) Petitioner's Fifth and Fourteenth Amendment rights to due process and a fair trial were violated when the prosecutor improperly charged the jury on the law;

(5) Petitioner's rights to due process, equal protection, a fair trial, and effective assistance of counsel were violated when prosecution witness Lashaun Brown was receiving a ride to court daily, improper coercion may or may not have occurred,

and any appearance of impropriety deems the trial proceeding unfair and warrants reversal;

(6) Trial counsel was ineffective in failing to request a limiting instruction for the prosecutor's improper question, which invaded the province of the jury;

(7) Trial counsel was ineffective for failing to request a curative instruction when the prosecutor improperly testified and bolstered the testimony of a State witness;

(8) Trial counsel was ineffective for failing to submit a copy of the GBI crime lab report, which showed that someone else could have committed the crimes;

(9) Trial counsel was ineffective for failing to request permission to question a sleeping juror about how long the juror was asleep and how much of the trial the juror had missed and for failing to seek a curative measure;

(A) Appellate counsel was ineffective for failing to reasonably investigate and to bring the constitutional violations in the petition for appellate review;

(B) Appellate counsel was ineffective for failing to raise on direct appeal that Lashaun Brown recanted her trial testimony; and

(C) Trial counsel was ineffective for failing to

(a) notice that the county was omitted from the indictment;

(b) notice that the indictment gives no indication that it was returned in open court;

(c) file a demurrer to raise the issues in (a) and (b); and

(d) object when the prosecutor charged the jury on the law, which invaded the province of the trial court.

(Doc. 9-2 at 5-9; Doc. 9-3 at 2-13; Doc. 9-4 at 1-3; Doc. 9-10 at 28; Doc. 9-11 at 12-13, 19; *see* Doc. 9-6 at 5-6.) Following an evidentiary hearing, (Docs. 9-10 to

9-17), the state habeas court denied relief in 2020, (Doc. 9-6). The Supreme Court of Georgia denied Petitioner's application for certificate of probable cause in 2021. (Doc. 9-8.)

Petitioner subsequently filed the instant § 2254 petition raising the following claims:

(1) Petitioner's indictment is void because it omitted the county where the crime was alleged to have been committed;

(2) Petitioner's constitutional rights were violated because the trial court lacked subject-matter jurisdiction over his case, rendering his convictions void;

(3) Petitioner's constitutional rights were violated based on his indictment not being returned in open court;

(4) Petitioner's due process rights were violated because the prosecutor argued the law that applied to his case differently from the way the trial court subsequently charged it;

(5) Petitioner's due process rights were violated when a State witness was being given a ride daily to court by the State over his trial counsel's objection;

(6) Trial counsel was ineffective for failing to request a curative instruction after the State asked an improper question that invaded the province of the jury;

(7) Trial counsel was ineffective for failing to request a curative instruction after counsel objected to the State's impermissibly bolstering the testimony of a State witness;

(8) Trial counsel was ineffective for failing to submit a copy of a GBI crime lab report that suggested someone else could have committed the crimes; and

 (9) Trial counsel was ineffective for failing to have the trial court question a juror who had fallen asleep during the trial about how long the juror had been asleep.

(Doc. 1 at 5-10, 14-15.)

## II. Discussion

### A. Procedural Default

"The habeas statute requires applicants to exhaust all available state law remedies before filing a federal habeas petition." *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007) (citing 28 U.S.C. § 2254(b)(1)(A)). When a federal habeas petitioner raises unexhausted claims that would be procedurally barred in state court pursuant to state law, the federal court may "treat those claims now barred by state law as no basis for federal habeas relief. . . . The unexhausted claims should be treated as if procedurally defaulted." *Id.* at 1370 (citation and internal quotation marks omitted). Doing so allows a federal court to "forego the needless judicial ping-pong" of requiring a petitioner to go to state court to exhaust a claim clearly barred by a state's procedural rules before returning to federal court. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) (internal quotation marks omitted).

Under Georgia law, "[a]ll grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition," and subsequent petitions may assert only grounds that "could not reasonably have

5

been raised in the original or amended petition." O.C.G.A. § 9-14-51. That statute "can and should be enforced in federal habeas proceedings against claims never presented in state court." *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). Furthermore, "[f]ederal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996). However,

> [a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation. . . . To show cause, the petitioner must demonstrate some objective factor external to the defense that impeded his effort to raise the claim properly in state court. . . . [I]f the petitioner fails to show cause, [the court] need not proceed to the issue of prejudice. . . . [I]n order to show prejudice, a petitioner must demonstrate that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.

*Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (citations and internal quotation marks omitted). "[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis omitted). "A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 452 (brackets and internal quotation marks omitted).

6

Alternatively, the petitioner may obtain federal habeas review of a procedurally defaulted claim if he presents "proof of actual innocence, not just legal innocence." *Ward*, 592 F.3d at 1157. To demonstrate actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

In the present case, the state habeas court correctly determined that Claims 1 and 3-9 were procedurally defaulted because Petitioner did not raise them on direct appeal.[1] (*See* Doc. 9-6 at 6-8.) The court rested its decision on an independent and adequate procedural bar, and thus, Petitioner cannot obtain federal habeas review of these claims. *See Hill*, 81 F.3d at 1022. Petitioner neither shows cause and prejudice to excuse the default, nor presents proof of actual innocence.[2] *See Edwards*, 529 U.S. at 452; *Ward*, 592 F.3d at 1157. Accordingly, because these claims are procedurally defaulted, Petitioner is not entitled to federal habeas relief as to these claims.

---

[1] Claims 1 and 3-9 correspond to Grounds 1 and 3-9, respectively, in the state habeas petition. (*See* Doc. 9-2 at 5-9; Doc. 9-3 at 2-13; Doc. 9-6 at 5-6.)

[2] Petitioner does not allege ineffective assistance of appellate counsel to establish cause for the default of these claims in his § 2254 petition.

B.     Merits

With respect to Claim 2,[3] Petitioner argues that his constitutional rights were violated because the trial court lacked subject-matter jurisdiction over his case, rendering his convictions void. (Doc. 1 at 7.) In particular, he contends that he was "entitled to an indictment perfect in form as well as substance." (*Id.*) The state habeas court denied this claim on the merits, ruling that the trial court had subject-matter jurisdiction because the indictment was properly returned by the grand jury and contained the district attorney's name. (Doc. 9-6 at 4-5.)

The state habeas court's ruling did not involve an unreasonable application of the facts or law.[4] Under Georgia law, cases involving capital felonies must proceed through an indictment. O.C.G.A. § 17-7-70. "Without an indictment, the trial court has no subject matter jurisdiction to dispose of such a case, and any judgment it renders is void." *Mayo v. State*, 594 S.E.2d 333, 334 (Ga. 2004). Georgia law provides the general form of an indictment by a grand jury:

> Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed

---

[3] This claim corresponds to Ground 2 in the state habeas petition. (*See* Doc. 9-2 at 5; Doc. 9-3 at 3; Doc. 9-6 at 5.)

[4] Respondent contends that Petitioner has not shown that federal constitutional law governs the procedures that states must follow to confer jurisdiction in a criminal case. (Doc. 8-1 at 11.) However, the Court reads Petitioner as arguing that the failure to properly follow state procedure violated due process.

8

> sufficiently technical and correct. The form of every indictment shall be substantially as follows:
>
> Georgia, _____ County.
>
> The grand jurors selected, chosen, and sworn for the County of _____, to wit: _____, in the name and behalf of the citizens of Georgia, charge and accuse (name of the accused) of the county and state aforesaid with the offense of _____; for that the said (name of the accused) (state with sufficient certainty the offense and the time and place of committing the same), contrary to the laws of said state, the good order, peace, and dignity thereof.

O.C.G.A. § 17-7-54(a).

Petitioner does not clearly explain in his § 2254 petition why he believes the indictment in his case was defective, but in his state habeas petition, Petitioner argued that the indictment was defective because it listed "Fulton County Superior Court" rather than "County of Fulton."[5] (Doc. 9-3 at 3.) However, Petitioner does not cite to any law requiring a reference only to the county rather than the superior court of the county, and section 17-7-54(a) merely provides that the "form of every indictment shall be substantially" as provided in that section, rather than that the form of every indictment must be exactly as provided in that section. Moreover, Petitioner's claim fails even by his own argument, as the indictment expressly states "COUNTY OF FULTON." (Doc. 9-23 at 8.) Consequently, the state habeas court's determination that the indictment was proper and that the trial court had subject-

---

[5] The indictment actually states "FULTON SUPERIOR COURT" on the first page. (*See* Doc. 9-23 at 6.)

9

matter jurisdiction as a result did not rest on an unreasonable interpretation of the facts or law.  *See* 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to federal habeas relief on this claim.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that this action be **DISMISSED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this  29  day of     March    , 2023.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE