## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANTONIO SHAW,
    Petitioner,

v.

TAMARSHA SMITH,
    Respondent.

Civil Action No.
1:21-cv-03137-SDG

### OPINION AND ORDER

This matter is before the Court on United States Magistrate Judge Linda T. Walker's Final Report and Recommendation (the R&R) [ECF 10], which recommends that the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied, and Petitioner Antonio Shaw's objections to the R&R [ECF 12]. After careful consideration of the record and Shaw's objections, the Court **OVERRULES** the objections and **ADOPTS** the R&R.

### I.  Background

Shaw, an inmate at Macon State Prison in Oglethorpe, Georgia, filed the instant petition challenging his 2012 convictions in Fulton County Superior Court for malice murder, felony murder, criminal attempt to commit murder, three counts of aggravated assault with a deadly weapon, and three counts of possession

of a firearm during the commission of a felony.[1] In the instant petition, Shaw raised nine grounds for relief.[2] Judge Walker determined that Shaw's first and third through ninth grounds were procedurally defaulted and Shaw failed to demonstrate either cause and prejudice or a miscarriage of justice to lift the procedural bar.[3] Judge Walker also reviewed Shaw's second ground for relief and determined that, under 28 U.S.C. § 2254(d), this Court must defer to the state court's reasonable conclusion that Shaw is not entitled to relief with respect to the claim.[4]

## II.   Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to

---

[1]   ECF 1, at 1.

[2]   *Id.* at 5–10, 14–15.

[3]   ECF 10, at 7.

[4]   *Id.* at 8–10.

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

**III.   Discussion**

Shaw's objections fail to address the R&R's reasoning for recommending that the petition be denied. Rather, they rehash Shaw's grounds for relief. *See Chester v. Bank of Am., N.A.*, 2012 WL 13009233, at *1 (N.D. Ga. Mar. 29, 2012) ("[G]eneral objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72

and have the same effect as a failure to object."). Shaw makes no argument that might tend to show that the R&R erred in determining that his Grounds 1 and 3–9 are procedurally defaulted and that Shaw had not overcome the default.

Moreover, Shaw offers no support for his lone argument that might indicate that he is entitled to relief—that the trial court lacked jurisdiction to convict him. The assertion, which relates to his second ground for relief, is that there was some error with the indictment. However, contrary to Shaw's claims, the indictment clearly establishes venue and tracks with Georgia's statutory requirements. Further, Shaw has not demonstrated that the indictment was not properly returned in open court, and even if it was not returned in open court, Shaw has not shown that such a failing would have stripped the state criminal trial court of jurisdiction.

**IV.   Conclusion**

Having reviewed the R&R in light of Shaw's objections, the Court concludes that Shaw has not demonstrated that he is entitled to habeas corpus relief. Accordingly, Shaw's objections [ECF 12] are **OVERRULED**, the R&R [ECF 10] is **ADOPTED** as the Order of this Court, and the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus is **DENIED**.

This Court further agrees with the R&R and finds that Shaw failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of August, 2023.

Steven D. Grimberg
United States District Court Judge